FILED
APR - 4 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Gregory Joel Sitzmann, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0521** |
| ) | |
| George Eliopoulos *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case pursuant to 28 U.S.C. § 1915A. Under that statute, the Court is required to screen a prisoner's complaint and dismiss it as soon as feasible if the complaint, among other grounds, fails to state a claim upon which relief can be granted or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A(b).

Plaintiff is an inmate at the District of Columbia Jail suing Assistant United States Attorney George Eliopoulos in his personal capacity and United States Attorney for the District of Columbia Ronald C. Machen, Jr., in his official capacity for alleged constitutional violations. Compl. Caption. The complaint, seeking $100,000 in monetary damages, arises out of plaintiff's separate criminal action pending in this Court, *see U.S. v. Sitzmann*, Crim. No. 08-0242 (PLF), and is based mostly on AUSA Eliopoulos' alleged acts taken or statements made during court proceedings. *See* Compl. at 6-7 (page numbers supplied) (alleging, *inter alia*, that when plaintiff appeared before Superior Court Judge Hiram E. Puig-Lugo, Eliopoulos requested an order "to

place plaintiff in 'Complete Separation' custody [at] . . . the D.C. Jail," and that at a status hearing in the criminal case, Eliopoulos "stated [that] the Government . . . had seized Plaintiff's funds.").

Plaintiff's official-capacity lawsuit fails because the proper defendant, the United States, has not consented to be sued for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in essence an action against the government). Furthermore, Eliopoulos is absolutely immune from this lawsuit to the extent that it is based on statements he made verbally or in motions in the criminal case. *See Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 686 (D.C. Cir. 2009) ("[P]rosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.' ") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

On the other hand, "[a]bsolute prosecutorial immunity, like judicial immunity, turns on the function performed by the prosecutor. And not all work done by prosecutors is covered by absolute immunity." *Atherton*, 567 F.3d at 686. Plaintiff also alleges that Eliopoulos conspired with employees at the District's Central Treatment Facility to retaliate against him for filing a grievance concerning CTF's "telephone policy concerning legal calls," Compl. at 7 ¶ 5, but he has stated no supporting facts and, thus, has neither provided adequate notice of a claim nor shown his entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted); *cf. with Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971) (authorizing a damages lawsuit against federal

officials in their personal capacity for constitutional violations); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (a plaintiff bringing a *Bivens* claim must allege defendant's personal involvement in the alleged wrongdoing); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368-69 (D.C. Cir. 1997). A separate Order of dismissal accompanies this Memorandum.

Date: 3/27/12

United States District Judge